UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TINA P.,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　Defendant. | CASE NO. 2:24-cv-01923-GJL<br><br>SOCIAL SECURITY DISABILITY APPEAL ORDER |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Magistrate Judge Rule 13. *See also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 2. Plaintiff submitted an opening brief on March 26, 2025, and the Commissioner filed a responsive brief on June 9, 2025. Dkts. 12, 17.

Having considered the Administrative Law Judge's (ALJ) decision, the Administrative Record (AR), and all memoranda of record, this matter is **REVERSED** and **REMANDED** for further administrative proceedings.

//

**I.   BACKGROUND**

Plaintiff filed an application for Disability Insurance Benefits (DIB) and an application for Supplemental Security Income (SSI) on December 23, 2019, with a date last insured of September 30, 2019. AR 23. In both applications, Plaintiff alleged disability beginning on July 15, 2015. AR 23.

After the applications were denied at the initial level and on reconsideration, Plaintiff requested a hearing before an ALJ. The ALJ held a hearing on July 14, 2021, and received testimony from Plaintiff and a vocational expert. AR 81–115. At the hearing, Plaintiff amended the alleged onset date to November 28, 2018.[1] AR 23, 87.

On August 13, 2021, the ALJ issued a partially favorable decision finding Plaintiff not disabled under Plaintiff's DIB application but disabled under Plaintiff's SSI application beginning on July 14, 2021. AR 23–36. The Appeals Council (AC) granted Plaintiff's request for review of the ALJ's decision on October 4, 2022. AR 249–55; 20 C.F.R. §§ 404.981, 416.1481. On December 1, 2022, the AC issued a partially favorable decision adopting most of the ALJ's findings but finding Plaintiff disabled as of August 13, 2021, the established onset date. AR 1–14.

On February 6, 2023, Plaintiff appealed the AC's decision to this Court. *See Tina P. v. Comm'r*, 2:23-cv-00180-GJL. The Court found reversible error in the ALJ's evaluation of the medical opinions and remanded for further administrative proceedings. AR 964.

On remand, there was an additional hearing before the ALJ on May 30, 2024. AR 898. On July 22, 2024, the ALJ issued a decision finding Plaintiff not disabled from November 28,

---

[1] Plaintiff previously applied for disability benefits, which was denied by an ALJ decision dated November 27, 2018. AR 119–32. Accordingly, Plaintiff amended the alleged onset date to the day after the 2018 ALJ decision. AR 87.

SOCIAL SECURITY DISABILITY APPEAL ORDER - 2

2018, through August 12, 2021. AR 874–90. On November 25, 2024, Plaintiff filed a Complaint in this Court seeking judicial review of the ALJ's decision. Dkt. 4. The Commissioner filed the sealed AR in this matter on January 24, 2025. Dkt. 7.

## II.    BACKGROUND

Plaintiff was born in 1967 and was 51 years old on November 28, 2018, her amended alleged date of disability onset. AR 888. Plaintiff has at least a high school education. *Id.* According to the ALJ, Plaintiff suffers from, at a minimum, the following severe impairments: cervical and lumbar spine disorders; mild acromioclavicular (AC) degenerative joint disease; headaches; loss of vision in the right eye; obesity; bipolar disorder; post-traumatic stress disorder (PTSD); and unspecified panic disorder. AR 877. The ALJ found Plaintiff had a Residual Functional Capacity (RFC) with the following mental limitations:

> The claimant can interact occasionally with the general public and with coworkers. The claimant can adapt to occasional workplace changes.

AR 880. Based on the assessed RFC, the ALJ found Plaintiff could perform work existing in significant numbers in the national economy and therefore was not disabled from November 28, 2018, through August 12, 2021. AR 888.

## III.    DISCUSSION

Pursuant to 42 U.S.C. § 405(g), the Court may set aside the Commissioner's denial of disability benefits if it is based on legal error or not supported by substantial evidence in the record. *See Woods v. Kijakazi*, 32 F.4th 785, 788 (9th Cir. 2022).

Plaintiff raises the following issue on appeal: whether the ALJ properly considered the medical opinions regarding Plaintiff's mental health symptoms. Dkt. 14 at 1. Plaintiff requests remand for an award of benefits or, in the alternative, remand for further administrative proceedings. *Id.* at 14. The Commissioner argues the ALJ's decision has the support of

1  substantial evidence and should be affirmed. Dkt. 17 at 3.

2        For applications, like Plaintiff's, filed after March 27, 2017, ALJs need not "defer or give
3  any specific evidentiary weight, including controlling weight, to" particular medical opinions,
4  including those of treating or examining sources. 20 C.F.R. §§ 404.1520c(a), 416.920c(a).
5  Rather, ALJs must consider every medical opinion in the record and evaluate each opinion's
6  persuasiveness, considering each opinion's "supportability" and "consistency," and, under some
7  circumstances, other factors. *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022); 20 C.F.R. §§
8  404.1520c(b)–(c), 416.920c(b)–(c). Supportability concerns how a medical source supports a
9  medical opinion with relevant evidence, while consistency concerns how a medical opinion is
10 consistent with other evidence from medical and nonmedical sources. 20 C.F.R. §§
11 404.1520c(c)(1), (c)(2); 416.920c(c)(1), (c)(2).

12 **A.    Medical Opinion of Dr. Melanie E. Mitchell, Psy.D.**

13       Dr. Mitchell evaluated Plaintiff on April 24, 2018, and assessed Plaintiff with severe
14 limitations in her ability to perform activities within a schedule, maintain regular attendance, and
15 be punctual within customary tolerances without special supervision; maintain appropriate
16 behavior in a work setting; and complete a normal workday and work week without interruptions
17 from psychologically based symptoms. AR 392. Dr. Mitchell assessed Plaintiff with marked
18 limitations in her ability to understand, remember, and persist in tasks by following detailed
19 instructions; adapt to changes in a routine work setting; communicate and perform effectively in
20 a work setting; and set realistic goals and plan independently. AR 392.

21       The ALJ found Dr. Mitchell's opinion unpersuasive for three reasons. AR 884. First, the
22 ALJ found Dr. Mitchell's opined severe functional limitations were "not fully supported by the
23 objective findings of the evaluation, in which the claimant's attitude, eye contact, thought

24

process and content, orientation, perception, fund of knowledge, abstract thought, insight and judgement were good or within normal limits." AR 884 (citing AR 393).

Second, the ALJ found Plaintiff's abnormal memory and concentration results on Dr. Mitchell's mental status examination were inconsistent with "routine treatment records, in which [Plaintiff] presents with intact memory and concentration." *Id.* (citing AR 394, 723, 731, 736, 741, 744, 748, 752, 758, 780).

Third, the ALJ found Dr. Mitchell's opinion featuring such severe limitations was "further inconsistent with the clinical findings and observations of treating sources, who are not connected to the claimant's application for disability benefits." *Id.* (citing AR 416, 420, 430, 434–35, 443–44, 446, 511, 514, 524, 529, 541, 545, 585, 589, 598, 602, 629, 634–35, 640, 644-45, 649, 653, 659, 662-63, 667–68, 758, 780, 785, 789, 792, 794).

Plaintiff argues the ALJ erred in finding Dr. Mitchell's opinion unsupported by objective findings during her evaluation. Dkt. 14 at 34. Plaintiff specifically refers to this Court's prior decision describing the evidence relied upon in Dr. Mitchell's medical opinion. Dkt. 14 at 4 (citing AR 970–71). The Court previously noted:

> Here, Dr. Mitchell's clinical tests found Plaintiff's remote memory was not intact, recent memory was limited, and concentration was not within normal limits. AR 394. Dr. Mitchell further observed Plaintiff was "sullen and tearful," had psychomotor agitation, was anxious and on-edge, had fearful behavior, and appeared highly emotional during the examination. AR 393. Dr. Mitchell's psychological testing additionally revealed scores indicating severe anxiety and depressive symptoms. AR 393. Dr. Mitchell's clinical findings are consistent with the doctor's assessment of Plaintiff's functional limitations, and the evidence does not reasonably indicate Dr. Mitchell's opinion was more [] heavily based on Plaintiff's self-reports than on the clinical evidence.

AR 970–71.

With respect to supportability, the ALJ erred by considering only the normal findings from Plaintiff's mental status examinations to the exclusion of the abnormal findings. *See* 20

SOCIAL SECURITY DISABILITY APPEAL ORDER - 5

C.F.R. § 404.1520c(c)(1) (supportability concerns source's evidence and explanations); *Hollohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001) (ALJ errs by failing to consider source's notes "in full and in context"); *see also Alexander M. v. Comm'r of Soc. Sec.*, 2021 WL 3758145, at *3 (W.D. Wash. Aug. 25, 2021) (ALJ errs by failing to explain "why he considered the normal results more significant" than abnormal results supporting opinion).

As noted above, Dr. Mitchell documented Plaintiff's abnormal results on the mental status exam in addition to Plaintiff's notable signs of distress during the clinical interview and the objective results of the Beck Anxiety Inventory (BAI) and Beck Depression Inventory (BDI). *See* AR 393. The Court cannot discern, and the ALJ did not explain, why the normal mental status results were more probative as to Plaintiff's ability to maintain appropriate behavior in a work setting and complete both a normal workday and work week without interruptions from psychologically-based symptoms than the remainder of the objective evidence and explanations provided by Dr. Mitchell. *See Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014) (ALJ errs by cherry-picking favorable evidence while ignoring unfavorable evidence); *see also Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) (clinical interview is "objective measure[]"). The ALJ's supportability finding was therefore deficient.

Plaintiff argues the ALJ improperly discredited Dr. Mitchell's opinion as inconsistent with Plaintiff's routine treatment records indicating Plaintiff had intact memory and concentration. Dkt. 14 at 5. As support for the ALJ's conclusion, the decision cited numerous mental status examinations in the record describing Plaintiff's "Attention/concentration" as either "attentive," "alert and attentive," or "alert and oriented to person time and place." AR 884 (citing AR 394, 723, 731, 736, 741, 744, 748, 752, 758, 780).

Notably, Dr. Mitchell did not reference Plaintiff's limited memory or concentration in her

clinical findings of the mental health symptoms affecting Plaintiff's ability to work. *See* AR 390–91. Dr. Mitchell's opined limitations are based upon Plaintiff's depression, anxiety, and trauma symptoms as evidenced by Plaintiff's psychological testing results. AR 390–91. Dr. Mitchell indicated Plaintiff experienced severe symptoms from these mental health issues on a daily basis. AR 390 (depression described as "[d]epressed mood, nearly every day longer than 2 years, anhedonia, fatigue, lack of energy, hopelessness, worthlessness") AR 391 (anxiety described as "[e]xcessive anxiety and worry more than not for longer than 6 months, difficulty controlling worry, easily overwhelmed, sleep disturbance, muscle tension, irritability, difficulty concentrating, restlessness/on-edge"), AR 391 (trauma symptoms described as "hypervigilant, intrusive thoughts, avoids people, places and things that remind her of the trauma, detached numbness of general responsiveness, fearful/afraid for her safety, and has exaggerated startle").

  The ALJ's decision erroneously focused upon the aberrant memory and concentration results, thereby failing to address the consistency of the entirety of Dr. Mitchell's opinion with Plaintiff's treatment records. Dr. Mitchell opined only a moderate limitation on Plaintiff's ability to understand, remember, and persist in tasks by following very short and simple instructions. The ALJ failed to explain how normal memory and concentration examinations results in Plaintiff's treatment records were inconsistent with Dr. Mitchell's marked and severe limitations based upon the described mental health symptoms, particularly Plaintiff's opined inability to maintain appropriate behavior in a work setting and complete a normal day and work week without interruptions from psychologically based symptoms.

  Plaintiff also objects to the ALJ's conclusion that "Dr. Mitchell's opinion of such severe limitations is further inconsistent with the clinical findings and observations of treating sources, who are not connected to the claimant's application for disability benefits." Dkt. 14 at 5. In

reaching this conclusion, the ALJ provided a long list of citations to the record without further explanation as to how or why the evidence was inconsistent with Dr. Mitchell's opined limitations. AR 884 (citing AR 416, 420, 430, 434–35 35, 443–44, 446, 511, 514, 524, 529, 541, 545, 585, 589, 598, 602, 629, 634–35, 640, 644 45, 649, 653, 659, 662-63, 667–68, 758, 780, 785, 789, 792, 794). The ALJ referenced many of the same documents as support for finding the medical opinions of James Czysz, Psy.D., Camille Iorio, MHP, and Nissa Freed, ARNP, inconsistent with the clinical findings and observations of treating sources. AR 884–87. The only rationale for finding the cited portions of the record inconsistent with their medical opinions is found in the ALJ's analysis of MHP Iorio's opinion. AR 886. There, the ALJ explained the cited treatment notes demonstrate Plaintiff "generally presents as pleasant and/or cooperative with good eye contact, an appropriate affect, euthymic mood and intact memory and concentration."[2] *Id.* (citing 416, 420, 430, 434–35, 443–44, 446, 511, 514, 524, 529, 541, 545, 585, 589, 598, 602, 629, 634–35, 640, 644–45, 649, 653, 659, 662–63, 667–68).

Having reviewed the records and assuming the ALJ applied a similar rationale to Dr. Mitchell's opinion, the ALJ nevertheless failed to explain how the referenced observations from treatment providers are inconsistent with Dr. Mitchell's opined limitations. As discussed above, Dr. Mitchell's opinion is based on the abnormal findings from Plaintiff's clinical interview and results on Beck Anxiety Inventory (BAI) and Beck Depression Inventory (BDI). AR 389–90, 393, 398–99; *see Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) (clinical interview is an "objective measure[]"). The ALJ does not refer to any normal psychological inventory results in the record. Nor does the ALJ discuss how unremarkable observations during a medical

---

[2] The citations omitted from the ALJ's analysis of MSW Iorio's opinion, but included in the analysis of Dr. Mitchell's opinion, are the following citations to MSW Iorio's own treatment notes: AR 758, 780, 785, 789, 792, 794.

SOCIAL SECURITY DISABILITY APPEAL ORDER - 8

appointment are inconsistent with Dr. Mitchell's opined limitations on Plaintiff's ability to perform activities within a schedule, adapt to changes in a routine work setting, and complete a workday or work week without interruptions from psychological based symptoms. Therefore, the ALJ erred by rejecting Dr. Mitchell's opinion as inconsistent with the medical evidence.

As discussed above, the ALJ failed to identify valid reasons supported by substantial evidence for discounting Dr. Mitchell's opinion. The ALJ's error was not harmless as it resulted in an RFC determination that did not take into account the more restrictive mental limitations opined by Dr. Mitchell. *See* SSR 96-8p ("RFC is the most a claimant can do considering their limitations or restrictions").

**B.     Medical Opinion of Dr. James Czysz, Psy.D.**

Dr. Czysz, a state agency consultative examiner, examined Plaintiff on March 18, 2020, and assessed Plaintiff with marked limitations in her ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision; adapt to changes in a routine work setting; and complete a normal workday and work week without interruptions from psychologically based symptoms. AR 674.

The ALJ found Dr. Czysz's opinion unpersuasive. AR 885. The ALJ concluded the opinion was not supported by the objective findings of Dr. Czysz's evaluation of Plaintiff, not consistent with the routine treatment records of Plaintiff's intact memory and concentration, inconsistent with Plaintiff's reported ability to concentrate, and inconsistent with the clinical findings and observations from treating sources. AR 884–85.

Having found reversible error in the discussion of Dr. Mitchell's opinion, the Court declines to address Dr. Czysz's opinion further. On remand, the ALJ should reconsider Dr. Czysz's opinion in light of the discussion above.

**C.     Remaining Issues and Remedy**

Plaintiff further objects to the ALJ's consideration of the medical opinions from Camille Iorio, MHP, and Nissa Freed, ARNP. Dkt. 14 at 10, 16. Having found the ALJ erred in assessing the medical opinion evidence and that this error requires reversal, the Court declines to reach Plaintiff's arguments with regard to MHP Iorio and ARNP Freed. Rather, on remand, the ALJ shall reassess the evidence of record, including the medical opinion evidence, and, if appropriate, should reassess the RFC and his findings at steps four and five of the sequential evaluation process.

Plaintiff contends the case should be remanded for an award of benefits. Dkt. 14 at 14. Such a remedy is only appropriate where it is clear from the record that the ALJ would be required to find the claimant disabled if the improperly discredited evidence were accepted as true. *See McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002). That is not the case here, as there are conflicting medical opinions in the record. *See* AR 29–30; 20 C.F.R. § 416.920c(a) (new regulations do not require ALJ to defer or give weight to treating or examining physicians); *Woods*, 32 F.4th at 791 (recognizing that the revised regulations stemmed, in part, from disagreement with Ninth Circuit practice of crediting-as-true treating and examining physicians' opinions and consequently awarding benefits based on the presumptive weight given to those opinions). As such, the Court declines to remand for an award of benefits.

### IV.     CONCLUSION

For the foregoing reasons, the Court **REVERSES** and **REMANDS** the decision pursuant

//

//

//

SOCIAL SECURITY DISABILITY APPEAL ORDER - 10

to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Order.

Dated this 11th day of August, 2025.

Grady J. Leupold
United States Magistrate Judge

SOCIAL SECURITY DISABILITY APPEAL ORDER - 11